277 N.J. Super. 367 (1994)
649 A.2d 908
NEW JERSEY TRANSIT RAIL OPERATIONS, INC., PLAINTIFF,
v.
NORTH JERSEY CLEANING SERVICES, INC., DEFENDANT.
Superior Court of New Jersey, Law Division Essex County.
Decided April 15, 1994.
*368 Lorraine K. Rak, Deputy Attorney General, argued the cause for plaintiff (Deborah T. Poritz, Attorney General, Attorney; Ms. Rak, of counsel and on the brief).
Roseann Primerano for defendant (Brian Granstrand, attorney).
KOCH, J.S.C.
This matter came before this court on April 15, 1994, on a motion by defendant, North Jersey Cleaning Services, Inc. to dismiss plaintiff's complaint pursuant to Rule 4:30A. I reserved *369 decision with regard to the issue whether to bar plaintiff's complaint under the entire controversy doctrine.
The issue in this matter is whether the entire controversy doctrine as set forth in Rule 4:30A applies where a party to an action had previously made a motion to join an entity not named in the original complaint as a party defendant and that motion was denied by the court.
A novel question is involved. Counsel have cited no New Jersey case dealing with this problem and research has disclosed none.
The following facts have been presented:
On June 21, 1988, defendant slipped and fell on the stairs at the Avenel Rail Station allegedly as a result of loose cement, a slippery substance, and the lack of overhead lighting. Plaintiff's complaint was filed against New Jersey Transit Rail Operations, Inc. on October 25, 1989. At the time of the alleged accident, North Jersey Cleaning Services allegedly had a contract with New Jersey Transit Rail Operations to sweep and empty the garbage at the Avenel Station two times per week.
It was not until December 12, 1991, that New Jersey Transit Rail Operations advised plaintiff's attorney of the existence of North Jersey Cleaning Services, Inc. Shortly thereafter, plaintiff's attorney filed a motion to amend their complaint to include North Jersey Cleaning Service, Inc. as a direct defendant. This motion was denied on January 27, 1992, by Judge Seaman, in that the case had already been set for trial on April 7, 1992. No attempt allegedly was made by New Jersey Transit Rail Operations to bring North Jersey Cleaning Services into the case as a third-party defendant.
On April 9, 1992, New Jersey Transit Rail Operations settled the case with plaintiff McKim and proceeded to file a separate law suit against North Jersey Cleaning Services, Inc. for indemnification and attorneys fees.
The entire controversy doctrine ... is a preclusionary principle intended to prevent the fractionalization of litigation by requiring all claims between the same *370 parties arising out of or relating to the same transactional circumstances to be joined in a single action. The effect of the doctrine is to preclude a party from withholding from the action for separate and later litigation a constituent component of the controversy even where that component is a separate and independently cognizable cause of action.
[Brown v. Brown, 208 N.J. Super. 372, 377-378, 506 A.2d 29 (App.Div. 1986).]
The purpose of this doctrine is to promote fairness to the parties, judicial economy and efficiency within the court system. Cogdell v. Hospital Center at Orange, 116 N.J. 7, 15, 560 A.2d 1169 (1989). The entire controversy doctrine has recently become the subject of judicial debate as seen in the conflicting caselaw.
In 1986, the court in Brown, supra, concluded that "the entire controversy doctrine ordinarily requires joinder or attempted joinder of constituent causes arising pendente lite, we are also satisfied that in exceptional cases there may be countervailing equitable considerations which would render application of that doctrine unfair." Brown, supra, 208 N.J. Super. at 374, 506 A.2d 29. In that case, plaintiff filed for divorce on March 27, 1981. In September 1981, the parties were living separate and apart. On September 12, 1981, plaintiff went to her mother-in-law's home to retrieve some personal belongings. When plaintiff arrived, defendant, who allegedly was there to visit his mother, refused plaintiff's admittance and assaulted her. Plaintiff alleged that, as a result of the assault, she sustained a chronic cervical strain and aggravation of her existing muscular dystrophy. Id. at 375, 506 A.2d 29. In December 1981, plaintiff informed her attorney of the incident and allegedly was told that her divorce action was scheduled for trial on January 6, 1982, and that her attorney would not represent her in her personal injury claim. Plaintiff proceeded with her divorce action and final judgment of divorce was entered on April 9, 1982.
In the interim, in March 1982, plaintiff informed her new attorney of the alleged assault and a complaint in that action was filed and served in September 1982. On January 3, 1985, defendant filed a motion for Summary Judgment based on the entire controversy doctrine. The trial court granted defendant's motion *371 but the Appellate Division reversed. Id. at 376-77, 506 A.2d 29. The appellate court addressed the issue of whether the entire controversy doctrine extends to constituent claims which arise during the pendency of the action. Id. at 379, 506 A.2d 29. It is within the court's discretion as to whether supplemental claims are to be joined or reserved. Id. at 381, 506 A.2d 29. The court held that "a party whose constituent claim arises during the pendency of the action risks its loss unless he apprises the court and his adversary of its existence and submits to judicial discretion the determination of whether it should be joined in that action or reserved." Id. at 382, 506 A.2d 29.
In the case at bar, prior to the trial date, plaintiff made a motion to the court seeking to amend plaintiff's complaint to include North Jersey Cleaning Services, Inc. as a defendant, but this motion was denied. However, it is this court's opinion that when plaintiff's motion was denied, it was then that the court was apprised of the potential claim against the proposed defendant. The court, in Cafferata v. Peyser, 251 N.J. Super. 256, 597 A.2d 1101 (App.Div. 1991), noted:
The knowledge of the existence of a cause of action which will invoke the entire controversy doctrine is the same as the knowledge which will trigger the running of the statute of limitations in those cases to which the discovery rule of deferred accrual is applicable.
[Id. at 260, 597 A.2d 256.]
In accordance with the reasoning set forth in Brown, supra, this court finds that plaintiff's motion constituted notice to the court and to defendant of the existence of a claim against North Jersey Cleaning Services, Inc.
It is this court's decision that the claim against North Jersey Cleaning Services, Inc. did not accrue until New Jersey Transit Rail Operations was found liable in the prior litigation. Additionally, the court was on notice of the potential unaccrued claim as of January 27, 1992, when plaintiff's motion to join North Jersey Cleaning Services, Inc. was denied. Therefore, New Jersey Transit Rail Operations' claim against North Jersey Cleaning Services, Inc. should not be barred under the entire controversy doctrine.
*372 In 1989, the New Jersey Supreme Court in Cogdell, supra, determined that the entire controversy doctrine encompassed the mandatory joinder of parties. The Court held that:
[T]o the extent possible courts must determine an entire controversy in a single judicial proceeding and ... [s]uch a determination necessarily embraces not only joinder of related claims between the parties but also joinder of all persons who have a material interest in the controversy.
[Id. at 26, 560 A.2d 1169.]
As a result, the entire controversy doctrine was extended and embodied in Rule 4:30A which states:
Non-joinder of claims or parties required to be joined by the entire controversary doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine, except as otherwise provided by R. 4:64-5 (foreclosure actions) and R. 4:67-4(a) (leave required for counterclaims or crossclaims in summary actions).
In the note to Rule 4:30A, it states that the entire controversy doctrine does not apply to bar competent claims either unknown, unarisen or unaccrued at the time of the original action.
Similarly, the Court in Cogdell stated that:
The mandatory joinder rule that we adopt is not unbounded. Its limits `are reached when the joinder would result in significant unfairness or jeopardy to a clear presentation of the issues and just result. Implicit in the development of the entire controversy doctrine is the recognition that economies and the efficient administration of justice should not be achieved at the expense of these paramount concerns.'
[Cogdell, supra, 116 N.J. at 27, 560 A.2d 1169.]
In the case at bar, prior to the trial date, plaintiff's motion to amend its complaint to include North Jersey Cleaning Services, Inc. was denied. After the trial was concluded and defendant New Jersey Transit Rail Operations was found liable, defendant was left without recourse for indemnification. This result is inconsistent with the purpose of the entire controversy doctrine: fairness to the parties. If defendant is not permitted now to file a subsequent action for indemnification against North Jersey Cleaning Services, Inc., then efficient administration of justice would be achieved at the expense of fairness and a clear presentation of the issues. Therefore, where a party to the action makes a motion to join another party and the court denies that motion, a subsequent *373 law suit against the party sought to be joined cannot be precluded. Defendant, New Jersey Transit Rail Operations, Inc., will not be barred from bringing forth a subsequent indemnity action against North Jersey Cleaning Services, Inc.
Therefore, this court finds that this matter is an exception to the entire controversy doctrine and Rule 4:30A. The defendant's motion is hereby denied.